**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

MICHELE RYAN

      Plaintiff,

-v-                                                                 Case No.
                                                                          Hon.

MICHIGAN PUBLIC HEALTH
INSTITUTE, a Michigan
non-profit corporation,

      Defendant.

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, Michele Ryan, by and through her attorneys, Teresa J. Gorman PLLC and Croson Taub & Michaels, PLLC, hereby alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff Michele Ryan is an individual currently residing in Eaton County, Michigan within the Western District of Michigan.

2. Defendant Michigan Public Health Institute is a Michigan non-profit corporation with its principal place of business in Ingham County, Michigan, within this judicial district.

3. Jurisdiction is proper in this Court under 42 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff's claims involve violations of federal law, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

1

4. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367, as they arise from the same case and controversy.

5. Venue is proper in this Court under 28 U.S.C. § 1391 as this is the judicial district in which Defendant's principal place of business is located and in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF FACTS

6. Plaintiff is a 70 year old female with a birthdate of 3/26/54.

7. Plaintiff graduated from the University of Michigan in 1983 with a Bachelors of Business Administration and a double major in accounting and finance.

8. Plaintiff passed the CPA test on the first attempt in 1984.

9. After many years working in finance, accounting and tax, Plaintiff commenced temporary employment with Defendant in June 2014.

10. Plaintiff was hired as a full-time employee in November 2014.

11. Plaintiff's job title was Financial Analyst for Defendant's Center for Diversified Government Solutions ("CDGS").

12. Plaintiff performed all of her duties in an exemplary manner and received positive evaluations and comments from her supervisors.

13. In July 2022, Carmen Thomas, became Chief Government Relations Officer of CDGS and Plaintiff's direct supervisor.

14. By August 2022, Plaintiff's workload had more than doubled.

15. Plaintiff requested overtime pay but also requested that an additional staff person be added to her department.

16. Defendant replied to Plaintiff's request by stating that she was "too slow", a reference to her advancing age.

17. In November 2022, Plaintiff complained about the workload and discriminatory comment to human resources. In response, Defendant agreed to hire another financial analyst.

18. In January 2023, Defendant hired Tiffany, an inexperienced, lesser-educated, 30+ year old, as an additional financial analyst.

19. The hiring of Tiffany did not relieve Plaintiff's workload as Tiffany was assigned to work with other staff members, but it increased Plaintiff's workload as she now had to constantly complete and correct Tiffany's work.

20. After Tiffany's hiring, Plaintiff's supervisor, Carmen Thomas, began subjecting Plaintiff to disparate treatment in the terms and conditions of her employment as compared to Tiffany and also began subjecting her discriminatory comments regarding her age, including, but not limited to, inquiring about Plaintiff's plans to retire.

21. When Plaintiff indicated that she had no present plans to retire, Carmen Thomas angrily asked to cut Plaintiff's hours to part time.

22. Carmen Thomas unendingly harassed and demeaned Plaintiff at staff meetings with comments such as "then there's Michele … she's been around for a hundred years or more…" and how she (Carmen) wanted only the "latest and greatest" on her team.

23. Carmen Thomas and Tiffany lied to Plaintiff about work product and attempted to set Plaintiff up for failure.

24. Plaintiff was more educated and more experienced than any of the other financial analysts. Plaintiff was also the oldest by at least 15 years or more.

25. One of Plaintiff's job duties for her eight (8) years of employment was to present at monthly meetings with for the AIDS/STI Group, run by the State of Michigan's HIV/STI division. In anticipation of each monthly meeting, Plaintiff was responsible for preparing the current budget workbook for the group, including, but not limited to, account balances, salaries, and supply expenditures. The budget figures changed weekly with employees departing, salaries changing, and various expenditures being made.

26. The State of Michigan prepared the action items during each meeting and then sent them to Plaintiff for inclusion in a detailed meeting agenda workbook.

27. During the monthly meeting, Plaintiff and representatives in the AIDS/STI Group reviewed each action item, compared actual figures to projected

figures and modified the report as needed. The "action items" documentation changed continuously.

28. Michigan legislators utilize these reports when creating budgets for state departments.

29. In August 2023, circumventing Plaintiff and not requesting her input, Carmen Thomas directed Tiffany and another employee create a new workbook for a monthly AIDS/STI division meeting without Plaintiff's knowledge or input.

30. Plaintiff learned about the workbook accidentally when a State of Michigan employee transmitted it to her.

31. Prior to the monthly meeting, Plaintiff learned that Tiffany had prepared the workbook utilizing out-of-date figures off of old spreadsheets thus making most of her figures incorrect.

32. Carmen Thomas further circumvented Plaintiff by ensuring that Plaintiff was not even invited to attend the AIDS/STI division monthly meeting. However, Plaintiff attended on her own.

33. When Plaintiff appeared at the meeting, Carmen Thomas directed Plaintiff to present the Tiffany-drafted workbook to the AIDS/STI division. .

34. Because Plaintiff was aware that the workbook contained hundreds of errors and omissions, Plaintiff refused to present the error-ridden workbook to the State of Michigan.

35. Carmen Thomas subsequently advised Plaintiff that she would be disciplined and possibly terminated for refusing to present the workbook at the monthly meeting.

36. Plaintiff complained in writing to Defendant that Carmen Thomas's directive left her with three choices: (1) to tell the truth that the project had errors and/or omissions; (2) lie to the Michigan Department of Health and Human Services, or (3) turn over the presentation to the two people who had created and were responsible for the contents of the error-ridden workbook.

37. Plaintiff informed Defendant in no uncertain terms that she would not lie to the State of Michigan and would not present the workbook at the next meeting unless and until corrections to Tiffany's work were made.

38. When Defendant responded by telling Plaintiff that she would be terminated, Plaintiff resigned immediately.

39. Plaintiff submitted a resignation letter which contained an additional complaint of harassment and discrimination.

40. Defendant failed and refused to conduct any investigation.

41. Tiffany was not disciplined for poor performance.

42. Plaintiff was replaced by a younger person.

43. On or about February 14. 2024, Plaintiff filed a charge of discrimination with the EEOC, alleging, *inter alia*, age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

44. Plaintiff received her Notice of Right to Sue from the EEOC on or about May 1, 2024.

## COUNT I
## AGE DISCRIMINATION
## IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

45. Plaintiff incorporates by reference all preceding paragraphs.

46. At all material times, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

47. Defendant, by and through its agents, representatives, and employees, subjected Plaintiff to age discrimination which included, but was not limited to:

    a. failing to provide a work environment free from age discrimination;

    b. subjecting Plaintiff to harassing and discriminatory comments and a hostile environment because of her age;

    c. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her age;

    d. discharging or otherwise discriminating against Plaintiff with respect to employment, compensation, or a term, condition or privilege of employment, because of her age; and

    e. replacing Plaintiff with a younger person.

48. Defendant, by and through its agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

49. Defendant's acts, as described above, violate the Age Discrimination in Employment Act.

50. Plaintiff's employment was terminated and/or constructively terminated by Defendant in whole or in part because of her age.

51. Defendant, by and through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

52. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

53. If Plaintiff had been younger, she would not have been treated in the manner described.

54. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act,, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

55. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT II
## AGE DISCRIMINATION
## IN VIOLATION OF
## THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

56. Plaintiff incorporates by reference all preceding paragraphs.

57. At all material times, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of the Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

58. Defendant, by and through its agents, representatives, and employees, subjected Plaintiff to age discrimination which included, but was not limited to:

    a. failing to provide a work environment free from age discrimination;

    b. subjecting Plaintiff to harassing and discriminatory comments and a hostile environment because of her age;

    c. limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of her age;

    d. discharging or otherwise discriminating against Plaintiff with respect to employment, compensation, or a term, condition or privilege of employment, because of her age; and

    e. replacing Plaintiff with a younger person.

54. Defendant, by and through its agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

55. Defendant's acts, as described above, violate the Elliott-Larsen Civil Rights Act.

56. Plaintiff's employment was terminated by Defendant in whole or in part because of her age.

57. Defendant, by and through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

58. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

59. If Plaintiff had been younger, she would not have been treated in the manner described.

60. As a direct and proximate result of Defendant's violation of the Elliott-Larsen Civil Rights Act, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

61. As a direct and proximate result of Defendant's violation of the Elliott-Larsen Civil Rights Act, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

62. Plaintiff incorporates by reference each preceding paragraph as though fully restated herein.

63. At all relevant times, Defendant was an employer, and Plaintiff was an employee covered by and within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

64. Plaintiff engaged in protected activity under the Age Discrimination in Employment Act by reporting and opposing age discrimination in Defendant's workplace.

65. Plaintiff was subjected to adverse employment actions, including but not limited to, when she was subjected to a hostile environment, threatened with termination, and discharged or constructively discharged.

66. But for Plaintiff's protected activity, she would not have been subjected to such adverse actions.

67. Defendant's actions were motivated by unlawful retaliation against Plaintiff because of her protected activity in violation of the Age Discrimination in Employment Act.

68. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act,, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

69. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act,, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT IV
RETALIATION
IN VIOLATION OF
THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**

70. Plaintiff incorporates by reference each preceding paragraphs as though fully restated herein.

71. At all relevant times, Defendant was an employer, and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act.

72. Plaintiff engaged in protected activity under ELCRA by reporting and opposing age discrimination at Defendant's workplace.

73. Plaintiff was subjected to adverse employment actions, including but not limited to, when she was subjected to a hostile environment, threatened with termination, and discharged or constructively discharged.

74. But for Plaintiff's protected activity, she would not have been subjected to such adverse actions.

75. Defendant's actions were motivated by unlawful retaliation against Plaintiff because of her protected activity in violation of the Elliott-Larsen Civil Rights Act.

76. As a direct and proximate result of Defendant's violation of the Elliott-Larsen Civil Rights Act, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

77. As a direct and proximate result of Defendant's violation of the Elliott-Larsen Civil Rights Act, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT V
## RETALIATORY DISCHARGE
## IN VIOLATION OF
## MICHIGAN'S PUBLIC POLICY

78. Plaintiff incorporates by reference each preceding paragraphs as though fully restated herein.

79. It is unlawful and in violation of the public policy of the State of Michigan for an employer to discharge or take other adverse action against an employee for the employee's failure or refusal to violate the law in the course of employment.

80. Plaintiff engaged in protected activity when she refused to engage in fraudulent misrepresentation through presenting a report replete with errors and omissions to the State of Michigan.

81. Defendant had knowledge of Plaintiff's refusal to engage in fraudulent misrepresentations.

82. Defendant threatened to terminate Plaintiff's employment when Plaintiff refused to engage in fraudulent misrepresentation.

83. Defendant's threats of termination resulted in Plaintiff's discharge or constructive discharge.

84. As a direct and proximate result of Defendant's retaliatory termination and constructive discharge of Plaintiff in violation of public policy, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental

and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

85. As a further direct and proximate result of Defendant's retaliatory termination and constructive discharge of Plaintiff in violation of public policy, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Age Discrimination in Employment Act, the Elliott-Larsen Civil Rights Act, and the public policy of Michigan;;

b. Award Plaintiff all lost wages and benefits, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff exemplary damages;

e. Award Plaintiff appropriate equitable relief;

f. Award Plaintiff punitive damages; and

g. Award Plaintiff reasonable attorney fees, costs and interest; and Award such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Teresa J. Gorman*
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
terigorman@aol.com

Charlotte Croson (P56589)
Croson, Taub & Michaels PLLC
Attorneys for Plaintiff
455 E. Eisenhower Parkway, Suite 75
Ann Arbor, MI  48108
Tel: (734) 519-0973
ccroson@ctmlawyers.com

## **JURY DEMAND**

Plaintiff demands a jury trial on all claims set forth above.

*/s/ Teresa J. Gorman*
Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
terigorman@aol.com